Michelle Visser (Bar No. 277509)
Thomas K. Fu (Bar No. 325209)
Orrick, Herrington & Sutcliffe LLP
355 S. Grand Ave., Ste. 2700
Los Angeles, CA  90071
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499
tfu@orrick.com

Attorneys for Defendant
FANDUEL INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ESPARZA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FANDUEL INC., a Delaware corporation, and<br>DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. '22CV1853 BEN RBB<br><br>**NOTICE OF REMOVAL** |

TO:     THE CLERK OF THE COURT

AND TO:  PLAINTIFF THROUGH HIS COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that Defendant FanDuel, Inc. ("FanDuel"), by and through its undersigned counsel hereby removes to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), the above captioned action, which was originally filed in the Superior Court for the State of California, County of San Diego, and assigned Case No. 37-2022-00042370-CU-MT-CTL.

In support of its Notice of Removal, FanDuel states as follows:

## BACKGROUND

1.  On or about October 26, 2022, Plaintiff Miguel Esparza, individually and on behalf of all others similarly situated ("Plaintiff"), commenced this action in San Diego County Superior Court by serving the summons and Class Action Complaint ("CAC") entitled *Miguel Esparza, individually and on behalf of all others similarly situated, v. FanDuel, Inc.* on FanDuel's registered agent in California.

2.  Prior to service, on October 21, 2022, Plaintiff filed the CAC in San Diego County Superior Court, and the action was assigned Case No. 37-2022-00042370-CU-MT-CTL.  FanDuel has not yet responded to Plaintiff's CAC.  Copies of all process, pleadings, and orders served upon FanDuel in this action are attached hereto as Exhibit A, as required by 28 U.S.C. § 1446(a).

3.  Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff and filed with the Clerk of the California Superior Court for the County of San Diego, as an exhibit to a Notice of Filing of Notice of Removal.

4.  Plaintiff has brought this action against FanDuel pursuant to Cal. Penal Code §§ 631, 632.7.

5.     FanDuel is the only non-fictitious defendant in this action, though the CAC also names "DOES 1 through 10, inclusive," whom it describes as "fictitious," *see* CAC ¶ 6.

## JURISDICTION

6.     This action is removable pursuant to 28 U.S.C. § 1441, which permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which grants U.S. District Courts original jurisdiction over, and permits removal of, class actions in which: (i) any member of a class of plaintiffs is a citizen of a State different from any defendant ("minimal diversity"); (ii) the defendant is not a governmental entity; (iii) the proposed class contains at least 100 members; and (iv) the matter in controversy exceeds $5,000,000, exclusive of interests and costs.

7.     "[N]o antiremoval presumption attends cases invoking CAFA … in part because the statute was enacted to facilitate adjudication of certain class actions in federal court." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992–93 (9th Cir. 2022).  As set forth below, this case meets all the requirements for jurisdiction under CAFA.

**Minimal Diversity of Citizenship**

8.     At least one plaintiff or putative class member is a citizen of a different state than any defendant.

9.     Plaintiff alleges that he "is a citizen of California residing in San Diego County." Ex. A ¶ 4.

10.    Plaintiff seeks to represent a class of "[a]ll persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using a cellular telephone, and (2) whose communications were recorded and/or eavesdropped upon without prior consent." Ex. A ¶ 22.  FanDuel is informed and believes that the vast majority, if not the

1  entirety, of purported class members are citizens of California. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (allegations of citizenship may be based solely on information and belief).

11. The CAC alleges that FanDuel is a New York corporation. CAC ¶ 5. In fact, FanDuel is a Delaware corporation with its principal place of business in New York. Declaration of Thomas K. Fu ("Fu Decl.") Exs. A & B. Accordingly, whether measured by the allegations in the CAC, or the facts offered in the attachments to the Fu Decl., FanDuel is a citizen of (at most) Delaware and New York for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

12. Accordingly, there is minimal diversity of the parties under CAFA. 28 U.S.C. § 1332(d)(2).

**FanDuel Is Not A Governmental Entity**

13. FanDuel is the primary defendant in this action, and is not a State, State official, or other governmental entity.

14. Fictitious defendants Does 1 through 10 are described in the CAC as presently unknown "affiliates and agents" of FanDuel. The CAC does not allege or otherwise suggest that such "affiliates" or "agents" are States, State officials, or other governmental entities. In any event, fictitious defendants Does 1 through 10 are not primary defendants in this action.

**Proposed Class Exceeds 100 Members**

15. The CAC states that "Plaintiff does not know the number of Class Members but believes the number to be in the thousands, if not more." Ex. A ¶ 23. By alleging a class size of "thousands," the CAC thus "implies a logical minimum of 2,000 class members." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). Accordingly, the proposed class is greater than 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

//
//

**Amount In Controversy**

16.  The amount in controversy is the amount at stake in the underlying litigation. *Jauregui,* 28 F.4th at 994.  Importantly, this "does not mean likely or probable liability; rather, it refers to possible liability." *Id*. (citation omitted).

17.  FanDuel denies the validity and merit of Plaintiff's alleged claims, and disputes that this action is appropriate for class treatment under Rule 23.  But for purposes of setting forth grounds for this Court's jurisdiction—and without conceding that Plaintiff or the putative class are entitled to damages or any relief whatsoever—it is apparent that although the CAC does not affirmatively specify a damages figure, the aggregated claims of the putative class exceeds CAFA's jurisdictional minimum.

18.  The CAC seeks "[s]tatutory damages pursuant to CIPA."  Ex. A Prayer for Relief ¶ 5.  CIPA provides that "[a]ny person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of … [f]ive thousand dollars ($5,000) per violation [or] [t]hree times the amount of actual damages, if any, sustained by the plaintiff." Cal. Penal Code § 637.2(a)(2).  The CAC thus purports to seek at least $5,000 for each violation.

19.  Under that theory (i.e., $5,000 for each violation), even a putative class of just 1,001 class members, and only one violation per putative class member, would result in a class claim of over $5,000,000 in the aggregate.[1]  Here, Plaintiff alleges a proposed class that he believes to contain "thousands"—i.e., "a … minimum of 2,000," *Kuxhausen*, 707 F.3d at 1140—individuals, which results in an amount in controversy of at least $10,000,000,[2] well over the $5,000,000 amount in controversy requirement.

---

[1] $5,000 X 1,001 = $5,005,000.
[2] $5,000 per violation times 2,000 class members = $10,000,000.

**NOTICE OF REMOVAL IS TIMELY**

20.     This notice of removal is timely filed.  Under 28 U.S.C. § 1446(b), "[e]ach defendant shall have 30 days after … service on that defendant of the initial pleading or summons … to file the notice of removal."  Here, FanDuel was served on October 26, 2022; and it filed this notice of removal on November 23, 2022, less than thirty days after service.

**VENUE FOR REMOVAL**

21.     Because this action is brought in the San Diego County Superior Court, venue for purposes of removal is proper in this Court under 28 U.S.C. § 128(a): this District embraces San Diego County, California, the place where the removed action has been pending.  *See* 28 U.S.C. §§ 1441(a) and 1446(a).

**NOTICE OF FILING OF NOTICE OF REMOVAL**

In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice to counsel of record for Plaintiff and will promptly file a copy of this Notice of Removal with the San Diego County Superior Court.

**CONCLUSION**

WHEREFORE, Defendant FanDuel, Inc. hereby removes this action to this Court for all future proceedings.

Dated:  November 23, 2022          ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *s/ Thomas K. Fu*
Thomas K. Fu (Bar No. 325209)
tfu@orrick.com

Attorneys for Defendant
FANDUEL INC.